# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CR-88-005 |
| | ) | |
| ANTHONY CHRISTOPHER VARGAS, | ) | JUDGE CORKER |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, ANTHONY CHRISTOPHER VARGAS, by and through counsel, and respectfully files this sentencing memorandum requesting a departure/variance under the applicable sentencing guidelines.

## INTRODUCTION

Mr. Vargas pled guilty to count one of the indictment to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). The charge carries a mandatory minimum of 10 years with life as the maximum term of imprisonment. Mr. Vargas does not contest that he should be punished for his crime. He has taken responsibility for his conduct and negotiated a plea agreement with the United States government.

In fashioning an appropriate sentence in this case, this Court must impose a sentence no greater than that which is sufficient to reflect the seriousness of the offense while also accomplish a number of other goals: to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the

defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. §3553(a)(2). See also *U.S. v._Gall*, 128 S.Ct. 586 (2007), *U.S. v. Hughes*, 401 F.3d 540 (4th Cir. 2005) and *U.S. v Pauley*, 511 F3d 468 (4th Cir. 2007).

In determining departures or variances at sentencing, the Court must place on the record an "individualized assessment based on the particular facts of the case before it," whether the Court "imposes an above, below, or within-Guidelines sentence." *United States v. Carter*, 564F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "[E]very sentence requires an adequate explanation," however, "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." *United States v. Hernandez*, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

To do so properly, this Court must follow the three-step process set forth by *Gall v. United States*: apply the guideline range and consider all the factors set forth in 18 U.S.C. §3553(a) as a whole, including whether a departure and/or variance is warranted. Post-*United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines is considered advisory only.

## I. THE GUIDELINE RANGE

The Presentence Report ("PSR", Doc. 107) establishes an advisory guideline range based upon a total offense level of 33 and a criminal history score of 0 with a guideline imprisonment range of 135 to 168 months.

## II. 18 U.S.C. §3553(a) FACTORS

Mr. Vargas would like the Court to consider additional factors about him while determining his sentence.

1. **Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant, and Section 3553(a)(6): The need to avoid unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.**

Mr. Vargas has been in continuous federal custody since his arrest on August 7, 2023, and he has not had any disciplinary problems while in custody. He tested positive for methamphetamine at the time of his arrest for the related state charges on April 20, 2023. PSR ¶54. Mr. Vargas has not yet obtained a GED and desires to take part in educational and vocational programs while in the custody of the BOP. PSR ¶56. While he had an "average" childhood, he did experiment with illegal drugs occasionally. PSR ¶53.

As evidenced by the employment and criminal history of Mr. Vargas, he had actually maintained a relatively good life until he was introduced to methamphetamine in 2022 at age 29. PSR ¶53. Soon after, Mr. Vargas made the unfortunate choice to enter the world of methamphetamine addiction, his significant other, Anglica Purcell, left him along with their daughter at the end of 2022. PSR ¶48. Therefore, by the time he was found passed out at the Weigels on April 20, 2023, Mr. Vargas was essentially on a death spiral, and he credits law enforcement with saving his life. However, Mr. Vargas's attitude has been one of graciousness since being arrested by federal authorities, and he views his time with the Bureau of Prisons as a second chance at life through the RDAP and vocational opportunities.

**(a).  Mr. Vargas's circumstances merit a downward variance to avoid unwarranted disparities pursuant to 3553(a)(6)**

Many courts hold that section 3553(a)(6) looks to "*national* disparities, not differences among co-conspirators." *United States v. Fry*, 792 F.3d 884, 892 (8th Cir. 2015). However, in certain cases, the sentencing court may look to codefendant disparity when fashioning a reasonable sentence. In particular, the Supreme Court held in *Gall v. United States*, that the district court properly "considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted *similarities* among other co-conspirators who were not similarly situated." 552 U.S. 38, 49-50 (2007).

While Mr. Vargas would be ineligible for an Aberrant Behavior departure pursuant to U.S.S.G. §5K2.20 due to this case involving a drug conspiracy, his 29-year lack of criminal history and law-abiding life up and until the beginning of his "relationship" with his co-defendant, Nichole Tipton[1], should merit some consideration by the Court. Unfortunately, Mr. Vargas's "girlfriend", and a source that fed his habit, was already well-entrenched in the methamphetamine conspiracy that resulted in him being involved with higher quantities relatively quickly. Specifically, the typical national defendant with a criminal history of I and offense level of 33 would receive a sentence of 98 months. PSR ¶84.  In this case, Mr. Vargas is not only receiving a 2-point enhancement for possession of firearms but he is also safety-valve ineligible pursuant to U.S.S.G. §5C1.2(2) solely for possession of the same firearms. A sentence near the mandatory minimum of 121 months better reflects punishment for this serious crime,

---

[1] Nichole Tipton, who admitted to 4.5kg of actual meth and possession of firearms, received a sentence of 188 months. Mr. Vargas began a "relationship" with Ms. Tipton at the end of 2022.

Defendant's Sentencing Memorandum
Page **4** of **8**

but it also acknowledges that Mr. Vargas had only recently become drug addicted and has never received a sentence of imprisonment in his life.

> 2. **Section 3553(a)(2): The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Vargas became addicted and started selling methamphetamine within a short period of time. While it has resulted in Mr. Vargas suffering under a higher offense level to face greater punishment, it should also be viewed as a factor to show his reduced chance at recidivism after drug treatment. Mr. Vargas needs and desires to receive drug treatment while under the custody of the Bureau of Prisons. In addition, according to Mr. Vargas's mother, it appears that mental health may be an undiagnosed concern that needs to be addressed. PSR ¶52. After obtaining a GED and completing a vocational program, Mr. Vargas believes that he can return to a clean life and being a productive member of society.

> 3. **Section 3553(a)(3): The kinds of sentences available, and Section 3553(a)(4): The kinds of sentences and sentencing range established….**

Mr. Vargas's advisory guidelines range is a total offense level 33 and criminal history category I (criminal history score of 0), which equates to 135 to 168 months, and he ineligible for probation. U.S.S.G. §5B1.1(b)(2). PSR ¶97, ¶105.

If the Court should grant the defendant's motion for a one-level downward variance for lack of criminal history, aberrant behavior, and criminal conduct that only occurred over a short period of time due to addiction, Mr. Vargas's guideline offense level will be 30 with a criminal history category of I. His minimum advisory guideline range would place him within one month of the statutory minimum at 121 months. The

requested guideline range would place Mr. Vargas in line to receive a sentence higher than similar defendants throughout the country that are similarly situated who have received an average length of imprisonment of 98 months. PSR ¶84.

### 4. Totality of the circumstances.

If the Court were to determine that each of the above-described grounds for variance is alone insufficient, then it would be appropriate to depart based upon the totality of the circumstances. *In Re: Sealed Case*, 292 F.3d 913 (D.C. Cir. 2002)(the court may properly consider defendant's desire to seek rehabilitation, and his family and community ties in a totality of the circumstances analysis even though Commission considered these factors separately); *United States v. Sabino*, 274 F.3d 1053 (6th Cir. 2001)(downward departure for a combination of factors was not an abuse of discretion); *United States v. Coleman*, 188 F.3d 354, 360 (6th Cir. 1999)(*en banc*)(downward departure may be based on an aggregation of factors, each of which might in itself be insufficient to justify a departure); *United States v. Fletcher*, 15 F.3d 553 (6th Cir. 1994)(combination of factors, including age of priors, justified departure from career offender); *United States v. Cook*, 938 F.2d 149, 153 (9th Cir. 1991)(district courts are authorized to depart downward when the "combination of factors" indicate that a departure is appropriate); see also *United States v. Mateo*, 299 F.Supp.2d 201 (S.D.N.Y. 2004)(departure granted where the combination factors, including pre-sentence confinement, even if it were concluded that the factors did not individually support a departure).

### III. OTHER SENTENCING CONSIDERATIONS

The defendant has one unresolved state court charge pending in Sullivan County General Sessions Court (PSR ¶39) and one case in Hawkins County General Sessions Court that is related to the instant offense (PSR ¶40). The sentence in the present case should be ordered

Defendant's Sentencing Memorandum
Page **6** of **8**

Case 2:23-cr-00088-DCLC-CRW   Document 137   Filed 05/16/24   Page 6 of 8
PageID #: 1115

concurrent to all the anticipated sentences in those state court cases. The federal sentencing statute provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Although, as noted above, there has been no term of imprisonment yet imposed in the defendant's state court cases, in *Setser v. United States,* 566 U.S. 231, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012), the Supreme Court held that a federal district court has the discretion to order a federal sentence to run concurrent or consecutive to a state sentence that is anticipated but has not yet been imposed.

In deciding whether to impose concurrent or consecutive sentences, the Court is to consider the factors set forth in section 3553(a). 18 U.S.C. § 3584(b). District courts must also consider the advisory recommendations of the Guidelines and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(4) and (5). The Guidelines Policy Statement provides that the sentencing judge should run the sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(d).

In addition to the related instant case from Hawkins County, the Sullivan County burning case is alleged to have occurred near the same time frame and location. Defendant avers that his drug-related conduct in Sullivan County should run concurrent due to the lengthy sentence to be imposed by the federal court in this matter which allows for a concurrent ruling to "achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity…." *USSG §5G1.3, Application Note 4(A).*

Defendant's Sentencing Memorandum
Page **7** of **8**

Case 2:23-cr-00088-DCLC-CRW   Document 137   Filed 05/16/24   Page 7 of 8
PageID #: 1116

## IV. CONCLUSION

Based on the foregoing, justice requires granting Mr. Vargas a reduction by departure/variance and a pronouncement of a sentence of 121 months imprisonment. Imposing a sentence as Mr. Vargas suggests after granting this reduction results in a sentence that is sufficient, but not greater than necessary, in compliance with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Mr. Vargas requests that he be allowed to attend the 500-hour substance abuse rehabilitation program, and he serve his sentence at Lexington, Kentucky.

Respectfully submitted,

ANTHONY CHRISTOPHER VARGAS
By Counsel

/s/Jonathan Sevier Cave   #027139
Attorney for the Defendant
The Cave Law Firm, PLLC
104 N. College Street
Greeneville, TN 37743
(423) 638-5892

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2024, I delivered a copy of the foregoing via the ECF system which electronically delivered the document to all interested parties.

/s/ Jonathan Sevier Cave
Attorney